IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIComponent FELICIANO, #B06519,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 3:20-cv-00247-SMY |
| ) | |
| **JERRY DENNYSON,** ) | |
| **OSCAR TALMAGE,** ) | |
| **JOHNSON,** ) | |
| **WEBB,** ) | |
| **JANE DOE 1,** ) | |
| **JANE DOE 2,** ) | |
| **JANE DOE 3,** ) | |
| **JANE DOE 4,** ) | |
| **JANE DOE 5, and** ) | |
| **WARDEN OF SHAWNEE** ) | |
| **CORRECTIONAL CENTER,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff William Feliciano, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while he was incarcerated at Shawnee Correctional Center ("Shawnee"). He asserts claims under the Eighth Amendment and seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

**The Complaint**

Plaintiff makes the following allegations in his Complaint (Doc. 1): Plaintiff was injured on April 25, 2018 while working in the Shawnee kitchen. He was cleaning the floor with boiling hot water that he retrieved from a secondary kettle boiler. Dietary workers had to obtain hot water from the secondary kettle boiler because the initial boiler to the sink had not been working for approximately 3-11 months. Dietary workers were directed to keep a big kettle of constant boiling water at the ready. A 5-gallon bucket was used to scoop water from the boiler. When retrieving water from the boiling kettle, the top of Plaintiff's left hand was exposed to the opening of the bucket while his right hand was holding the bottom of the bucket. While dumping water to the floor, he could not control the wiry handle and burned the top left area of his hand.

Plaintiff was escorted to the health care unit ("HCU") where he was diagnosed with a second degree burn on his left hand. His hand was wrapped and he was given 18 acetaminophen 325 mg and 18 ibuprofen 200 mg. He had blisters which Jane Doe 1 did not log.

Plaintiff was called to the HCU on April 26, 2018 for a matter unrelated to his burned hand. He inquired about a dressing change and advised medical personnel that the pain medication was not working. Jane Doe 2 responded, "that's not why you are here" and refused the dressing change and pain complaint.

Plaintiff went to the HCU for treatment of the burn on April 28, 2018. He asked about pain medication and Jane Doe 3 replied that he had been given pain medication and should not have run out. He advised her the medication was not working and his hand was throbbing and hurting. Jane Doe 3 took no action. Plaintiff also went to the HCU for a dressing change on April 29, 2018 and requested additional and different pain medication because what he had was not working. Jane Doe 2 refused to address his pain.

2

Plaintiff went to the HCU for dressing change on April 30, 2018. He asked Jane Doe 4 for stronger pain medication. She told him he would have to see the doctor, however, he was not put in for a doctor visit. He also saw Jane Doe 4 on May 1, 2, and 4, 2018 for dressing changes. He again advised her the pain medication was not working. She refused to address his pain issue.

Plaintiff went to the HCU for a dressing change on May 5, 2018. Blisters started bursting on his hand and he asked Jane Doe 5 for pain medication. Another nurse informed Jane Doe 5 that "he gets no more." Jane Doe 5 refused to provide any pain medication. He also went to the HCU for treatment on May 6 and 7, 2018, but was not allowed to speak about his pain because all of the nurses were told not to treat him with pain medication despite his blisters bursting.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1: Eighth Amendment claim against Warden Dennyson and Food Service Managers Talmage, Johnson, and Webb for unconstitutional conditions of confinement in the Shawnee kitchen that resulted in Plaintiff's injury on April 25, 2018.

Count 2: Eighth Amendment deliberate indifference to serious medical needs claim against Jane Does 1-5 for denying Plaintiff adequate medical care for the burn on his left hand.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

### Count 1

Prison conditions that deprive inmates of basic human needs—food, medical care,

sanitation, or physical safety—may violate the Eighth Amendment. *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Unsafe prison working conditions can constitute an Eighth Amendment violation. *Norris v. Cohn*, 27 F.App'x 658, 660 (7th Cir. 2001). To be liable, prison officials must have acted with deliberate indifference and must not have taken reasonable steps to prevent the harm. *Id.*

Plaintiff alleges that Warden Dennyson is responsible for assuring a safe and secure work environment and that the Warden should have authorized regular inspections to ensure equipment was operable. These allegations based on Dennyson's position are insufficient to state a claim because "[l]iability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018).

Similarly, allegations that Food Service Managers Talmage, Johnson, and Webb are responsible for safety and sanitation in the kitchen fail to state a claim. Because that is the sole allegation against Webb, he will be dismissed. However, the allegations that Johnson and Talmage observed the hazardous and unsafe method adopted by dietary food workers to retrieve boiling water on several occasions, that Johnson was on the shift when the incident took place, and that Talmage refused to install a new boiler are sufficient at this stage to allow the claim to proceed against them.

**Count 2**

Prison officials and medical staff violate the Eight Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical

condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* A condition is considered sufficiently serious if the failure to treat it could result in the unnecessary and wanton infliction of pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Plaintiff's allegations are sufficient to state a deliberate indifference claim in Count 2 against Jane Does 1-5.

### Identification of Doe Defendants

The Warden of Shawnee Correctional Center will be added as a defendant in his/her official capacity only for purposes of responding to discovery aimed at identifying the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); Fed. R. Civ. P. 21. Guidelines for discovery will be set by the undersigned judge. Once the names of the unknown defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

### Disposition

The following claims will proceed: Count 1 against Talmage and Johnson; and Count 2 against Jane Does 1-5. Dennyson and Webb are dismissed without prejudice and the Clerk of Court is **DIRECTED** to **TERMINATE** them as defendants.

The Clerk of Court is **DIRECTED** to **ADD** the Warden of Shawnee Correctional Center, in his or her official capacity, to the docket for purposes of identifying the Doe Defendants.

The Clerk shall prepare for Talmage, Johnson, and the Warden of Shawnee Correctional Center (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service

of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.  The Warden of Shawnee Correctional Center need only enter an appearance and does not need to file a responsive pleading.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  January 12, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.