IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM FELICIANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-cv-00247-SMY |
| | ) |
| JERRY DENNYSON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Defendants' Motion to Dismiss (Doc. 84).[1] Defendants, who were initially named as Jane Does 1-5, argue that Plaintiff's claims are barred by the statute of limitations because he did not seek leave to substitute individuals for the Jane Doe defendants until more than three years after the alleged incidents occurred. For the following reasons, the motion is **DENIED**.

### Background

Plaintiff is proceeding on a deliberate indifference to serious medical needs claim against Defendants based on events that allegedly took place between April 25, 2018 and May 5, 2018 (Doc. 16). The Complaint was filed on March 6, 2020 (Doc. 1). A §1915A merit review order was docketed on January 12, 2021. Discovery was delayed when two separate attorneys recruited by the Court to represent Plaintiff withdrew (Docs. 46, 48, 49, 50, 53, 54). Plaintiff's current counsel was appointed on June 10, 2021 and entered his appearance on June 22, 2021 (Docs. 55, 56). He subsequently moved to amend the scheduling and discovery order (Docs. 57, 63) and to

---

[1] The motion was filed by Defendants Brown, Harrelson, and Littrell. Defendants Burrows and Peckinpaugh joined in the motion (Docs. 84, 110, 115, and 118).

1

substitute specific defendants for the Jane Doe defendants within the deadline (Doc. 66).

## Discussion

The applicable statute of limitations period for actions brought pursuant to 42 U.S.C. § 1983 in Illinois is two years. *Herrera v. Cleveland*, 8 F.4th 493, 495, fn.1 (7th Cir. 2021). Although Plaintiff filed his lawsuit in March 2020 for events he alleges occurred in April and May 2018, he did not identify the Doe Defendants until September 2021.

Under Federal Rule of Civil Procedure 15, an amended complaint against a newly-named defendant must meet three criteria in order to relate back to the initial complaint: (i) the claim against the newly-named defendant must have arisen out of the same transaction or occurrence set out in the original pleading; (ii) within the 120-day period following the complaint's filing, the newly-named defendant must have received notice sufficient to avoid prejudice in defending the case on the merits; and (iii) within the same period, the newly-named defendant knew or should have known that the action would be brought against him, but for "a mistake concerning the proper party's identity." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 545 (2010) (citing FED.R.CIV.PROC. 15(c)(1)(B) & (c)(1)(C)(ii)).

The naming of a "John Doe" defendant does not constitute a "mistake" for purposes of relating back. *Herrera*, 8 F.4th at 498. As such, when a plaintiff substitutes a properly named defendant for a Doe placeholder outside of the two-year statute of limitations, the plaintiff's claims against that defendant are time-barred. *Id*. at 499. However, the statute of limitations may be equitably tolled "when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Id.* In particular, equitable tolling is justified if "… a claimant has received inadequate notice; a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; the

court has led the plaintiff to believe that []he had done everything required of [him]." *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 562 (7th Cir. 1996).

When Plaintiff filed his lawsuit, there was approximately six months remaining for him to identify the proper defendants within the statute of limitations period.[2] Plaintiff, who was incarcerated and functionally illiterate, had relied on a jailhouse lawyer to prepare his Complaint and filed a motion seeking recruitment of counsel contemporaneously with his Complaint. Plaintiff received acknowledgment of the filing of his Complaint with the Court which advised him that pending entry of the merit review order, "[n]o other action will be taken in your case during this time, absent extraordinary circumstances. Therefore, you do not need to submit any evidence, argument, motions, or other documents." (Doc. 5).

Subsequently, the case proceedings were delayed due in part to the COVID-19 pandemic, the Court's heavy caseload, and delays in recruiting counsel for Plaintiff – matters not attributable to Plaintiff. After Plaintiff's current recruited counsel entered the case on June 22, 2021, he moved swiftly and filed a motion to substitute on September 1, 2021. Under these circumstances, equitable tolling is warranted. Accordingly, Defendants' Motion to Dismiss (Doc. 84) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: July 21, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

---

[2] Pursuing his administrative remedies tolled the limitations period until the ARB's decision in September 2018. *See Hoban v. Anderson*, 688 F. App'x 385, 388 (7th Cir. 2017).