IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM FELICIANO, #B06519, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-CV-247-SMY-GCS |
| | ) |
| JERRY DENNYSON, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Gilbert C. Sison ("Report") (Doc. 166), recommending that Defendants Brown, Harrelson, Littrell, Burrows, and Peckinpaugh's Motion for Summary Judgment on the Issue of Exhaustion (Docs. 102, 103, 129) be denied.[1] Defendants filed an objection (Doc. 167). Plaintiff filed a Response to the Objection (Doc. 169). For the following reasons, the Court **ADOPTS** the Report and Recommendation.

## Background

Plaintiff William Feliciano asserts claims for deliberate indifference to his conditions of confinement and medical needs. He makes the following allegations in the Amended Complaint (Doc. 78): Feliciano suffered an injury to his hand on April 25, 2018, while cleaning floors with boiling water. He was taken to the healthcare unit and diagnosed with a second degree burn on

---

[1] Defendants Melissa Littrell, Hillary Harrelson, Dwayne Burrows, Celice Peckinpaugh, and David Brown seek summary judgment of the claim asserted against them in Count 2 of the Amended Complaint for deliberate indifference to serious medical needs.

his left hand (Doc. 78 at p. 3). While in the healthcare unit, Feliciano was treated by Dwayne Burrows who bandaged the hand and provided him with pain medication. Id. Burrows failed to log in his medical records that Feliciano's hand had blisters. Id.

On April 26, 2018, Feliciano visited the healthcare unit for an unrelated matter where he was seen by Hillary Harrelson. He requested a dressing change and advised her his pain medication was not working (Doc. 78 at p. 4). Harrelson refused the dressing change and ignored Feliciano's pain complaint. Id.

On April 28, 2018, Feliciano was in the healthcare unit for a dressing change. Id. While there, he asked Melissa Littrell about pain medication. Id. Littrell told Feliciano he had medication and should not have run out by that point in time.

On April 29, 2018, Feliciano returned to the healthcare unit for another dressing change. Id. Feliciano requested from Hillary Harrelson that he be given different pain medication because what he had was not working. Id. Harrelson refused to address his request for medication. Id.

On April 30, 2018, Feliciano requested from Celice Peckinpaugh that he be given stronger pain medication. Id. Peckinpaugh informed Feliciano that he would need to see the doctor, but she did not put him on the doctor visit list. Id. at p. 5.

Feliciano saw Peckinpaugh again on May 1, 2, and 4, 2018 for dressing changes. Id. On each visit, he indicated that his pain medication was not working. Id. Peckinpaugh did not address the reported pain issue. Id.

On May 5, 2018, Feliciano went to the healthcare unit for a dressing change. Id. At that time, the blisters on his hand had started bursting. Id. He asked Adam Brown for additional pain medication. Id. Brown refused to provide any pain medication because another nurse told him

not to give Feliciano any more. *Id.*

Feliciano filed a grievance on May 29, 2018. The issue on summary judgment is whether his grievance (marked as dietary in nature) that referred to him receiving care for his injuries indicated that the care he received was deficient in some way. Defendants argue that it did not exhaust his administrative remedies. Feliciano argues that the grievance process was unavailable to him due to lack of notice and inability to read in either Spanish or English.

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Gilbert C. Sison held an evidentiary hearing on Defendants' motion and issued the Report and Recommendation currently before the Court. Based upon the evidence presented, Judge Sison concluded that the grievance process was unavailable to Feliciano. Specifically, Judge Sison found that there was no evidence in the record to suggest that Feliciano knew that he needed to specifically grieve the nurses and the medical care they provided. He noted that no one at any point in the grievance process sought to clarify Feliciano's allegations, even though his difficulties with reading and writing were evident. Based upon the evidence presented, Judge Sison concluded that the grievance process was unavailable to Feliciano. He therefore recommends that the Court deny Defendants' Motion for Summary Judgment on Count 2.

## Discussion

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject, or modify the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this

determination, the Court must look at all evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st Ed. 1973) (1992 Pocket Part).

Failure to exhaust is an affirmative defense for which the Defendants carry the burden of proof. *Ramirez v. Young*, 906 F.3d 530, 533-34 (7th Cir. 2018) *citing Hernandez v. Dart*, 814 F.3d 836, 840 (7th Cir. 2016). To meet their burden, Defendants must show beyond dispute that administrative remedies were available. Factual disputes must be construed in favor of Plaintiff. *Id.*

Judge Sison conducted an evidentiary hearing, assessed the credibility of witnesses, weighed all evidence presented, and made findings of fact. *See Pavey*, 544 F.3d at 742. The Court finds his factual findings and rationale to be sound. It is apparent that Defendants failed to present any testimony or evidence that rebutted Feliciano's testimony that he did not understand the grievance process and was never provided with information on how to properly fill out a grievance.

Feliciano testified that: (1) he informed the counselors during orientation that he was unable to read or write (Doc. 168 at p. 49 lines 3-5); (2) he did not recall anyone going over the grievance process or how to properly file a grievance with adequate information (Doc. 168 at pp. 49, 56, 67-68); and (3) he asked other inmates for help to file his grievances (Doc. 168 at p. 58). Defendants' witness, Harry Allard, could not testify regarding the details of Feliciano's orientation, whether Feliciano could read or write, or what was presented during Feliciano's orientation (Doc. 168 at pp. 37-38). Instead, Defendants attempted to point to the fact that Feliciano previously filed a grievance while at Vandalia in 2009. However, none of the testimony

that Defendants elicited from Feliciano established that Feliciano knew the specifics of the grievance process, only that Feliciano knew the grievance process existed and that he relied on other inmates to complete the grievance process for him (Doc. 168 at pp. 56, 58).

The Court also agrees with Judge Sison's application of *Ramirez v. Young* (906 F.3d 530 (7th Cir. 2018)) and *Smallwood v. Williams* (No. 21-3047 (7th Cir. Feb. 3, 2023)). Disputed facts remain as to whether Feliciano was notified of the administrative remedies, and whether those administrative remedies were communicated to him in a manner in which he would reasonably understand taking into consideration both his language barriers and illiteracy.

## Conclusion

After thoroughly reviewing the record before it, the Court finds Judge Sison's factual findings and analysis to be thorough and accurate and **ADOPTS** his Report and Recommendation (Doc. 166) in its entirety. The Motion for Summary Judgment on Exhaustion (Doc. 102) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 25, 2023**

**STACI M. YANDLE**
**United States District Judge**